IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC., <br><br> Plaintiff, <br><br> v. <br><br> INA FITCH, TRACEY JACKSON, FAYLA COMPUTERS, INC., FAYLA PC, ADAM SMITH, and LUIS LUGO, <br><br> Defendants. | Civil Action No. 23-139-GBW |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Cumis Insurance Society Inc.'s ("Cumis" or "Plaintiff") Motion for Extension of Discovery ("Plaintiff's Motion") (D.I. 16), which has been fully briefed (D.I. 20), and Plaintiff's request for leave to file a reply brief in further support of its Motion ("Plaintiff's Request for Leave") (D.I. 21). For the reasons discussed below, the Court denies Plaintiff's Motion and Plaintiff's Request for Leave.

**I.   BACKGROUND**

The Court writes for the benefit of the parties and, thus, briefly sets forth only the facts and procedural history necessary for the discussion herein.

On December 1, 2022, Plaintiff filed a complaint against Defendants[1] alleging fraud, breach of fiduciary duty, and conspiracy. D.I. 1-1. On February 6, 2023, Ms. Fitch filed a Notice of Removal to this Court. D.I. 1. On October 9, 2024, this Court entered the operative Scheduling

---

[1] The "Defendants" are Ina Fitch ("Ms. Fitch"), Tracey Jackson, Fayla Computers, Inc., Fayla PC, Adam Smith, and Luis Lugo.

Order ("Scheduling Order") (D.I. 9). The Scheduling Order provides that all "fact discovery in this case shall be initiated so that it will be completed on or before May 3, 2025." D.I. 9 at 2.

On the eve of the discovery deadline, i.e., May 2, 2025, Plaintiff filed a request for a discovery teleconference "regarding Plaintiff's request for a Stipulation to extend all discovery deadlines by one-hundred twenty (120) days." D.I. 15. Later the same day, Plaintiff filed its Motion, similarly requesting that the "Court enter an Order extending Discovery Deadlines by one-hundred twenty (120) days." D.I. 16 at 1. On May 5, 2025, the Court entered an Oral Order instructing (1) Defendants to file an opposition brief by no later than May 8, 2025 and (2) that Plaintiff shall not file a reply brief in further support of its Motion without leave of Court. D.I. 19. On May 7, 2025, Ms. Fitch timely filed an opposition to Plaintiff's Motion. D.I. 20. On May 8, 2025, Plaintiff submitted a letter requesting leave to file a reply brief in further support of its Motion. D.I. 21.

## II.  LEGAL STANDARDS

Below, the Court describes the legal standards for (A) "Good Cause" Under Rule 16(b)(4) of the Federal Rules of Civil Procedure and (B) Leave to File a Reply Brief.

### A.  "Good Cause" Under Rule 16(b)(4) of the Federal Rules of Civil Procedure

"Under Rule 16, '[a] schedule may be modified only for good cause and with the judge's consent.'" *Pers. Audio, LLC v. Google LLC*, No. CV 17-1751-CFC, 2023 WL 3582681, at *2 (D. Del. May 22, 2023) (alteration in original) (quoting Fed. R. Civ. P. 16(b)(4)). "'Good cause' under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order." *Id.* (quoting *Synygy, Inc. v. ZS Assocs., Inc.*, No. CIV.A. 07-3536, 2015 WL 4578807 (E.D. Pa. July 30, 2015)). "If [a] party has not been diligent, the inquiry ends." *State Farm Mut. Auto. Ins. Co. v. Amazon.com, Inc.*, No. 22-cv-1447-CJB, 2024 WL 4145022, at *2 (D. Del. Sep. 11, 2024). "If the moving party can establish diligence, other considerations pertinent to the good cause

inquiry come into play, including the importance of the new information, the difficulty of locating the new information, any gamesmanship that is evident from the untimely disclosure, and the potential prejudice to the opposing party that would result from permitting the belated amendment." *Brit. Teleconnns. PLC v. IAC/InterActiveCorp*, No. CV 18-366-WCB, 2020 WL 3047989, at *2 (D. Del. June 8, 2020) (collecting cases).

"A party seeking leave to modify a court's scheduling order under Rule 16(b)(4) has the burden of showing 'good cause.'" *Chervon (HK) Ltd. v. One World Techs., Inc.*, No. CV 19-1293-GBW, D.I. 516 at 6 (D. Del. Feb. 5, 2025) (quoting *Bos. Sci. Corp. v. Nevro Corp.*, No. 16-cv-1163-CFC, 2020 WL 5531561 (D. Del. Sep. 15, 2020)).

B.   **Leave to File a Reply Brief**

Motions for leave to file reply briefs are highly disfavored where the reply brief is prohibited by a rule or the operative scheduling order. *See Atkinson v. Veolia N. Am.*, No. 5:19-CV-526-BO, 2021 U.S. Dist. LEXIS 22157, at *9 (E.D.N.C. Feb. 5, 2021) ("Furthermore, since reply briefs are not permitted under the rules of this Court, defendant's motion for leave to file a reply memorandum is highly disfavored."); *Harpo v. Intermark Mgmt. Co.*, No. 1:21-cv-87, 2022 U.S. Dist. LEXIS 245058, at *3 (S.D. Ga. July 11, 2022) ("Additionally, Plaintiff has no right to file a Reply, and reply briefs are generally disfavored."); *Atencio v. TuneCore, Inc.*, No. CV 16-1925-DMG (MRWx), 2018 U.S. Dist. LEXIS 223997, at *29 n.9 (C.D. Cal. Nov. 13, 2018) (acknowledging that "the Court generally disfavors reply briefing in support of motions in *limine*"); *Regions Bank v. Hyman*, No. 8:09-cv-1841-T-17MAP, 2013 U.S. Dist. LEXIS 199553, at *5 (M.D. Fla. Aug. 26, 2013) ("Contrary to the Plaintiff's comment that such motions are commonly allowed, motions for leave to file a reply are not typically granted. Indeed, replies or any other pleading directed to the motion are disfavored (*see* Local Rule 3.01(c), which requires

3

leave of court before filing a reply; hence, the rule infers the practice should be sparingly considered).").

Few grounds overcome this disfavor. For example, courts may grant motions for leave to file a reply brief where the proposed reply "brief responds to new evidence, facts, or arguments raised for the first time in the" opposition brief. *See Versar Env't Servs., LLC v. Black & Veatch Special Projects Corp.*, C.A. No. 23-1450-RGA, 2024 WL 5090804, at *6 (D. Del. Dec. 12, 2024) (ruling on a motion for leave to file a sur-reply); *see also St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co. Ltd.*, 291 F.R.D. 75, 80 (D. Del. 2013) (same). Critically, content from an opposition brief is not "new" if it "is directly responsive to arguments made in" the opening brief. *See Cephea Valve Techs., Inc. Equityholders' Representative v. Abbott Labs.*, Civil Action No. 23-691-GBW-SRF, 2024 U.S. Dist. LEXIS 83381, at *22 (D. Del. Mar. 18, 2024) (ruling on a motion for leave to file a sur-reply).

Courts may, but need not, grant motions for leave to file a reply brief where the opposition brief contains a "court opinion" that "did not appear in" the opening brief, even where the opposition brief relies on the court opinion in response to arguments made in the opening brief. *Cf. Empower Brands LLC v. Tristar Prods., Inc.*, Civil Action No. 23-01225-RGA, 2024 U.S. Dist. LEXIS 225561, at *5 (D. Del. Dec. 12, 2024) (ruling on a motion for leave to file a sur-reply brief where the reply brief included a decision that "did not appear in" the opening memorandum); *see Int'l Bus. Machines Corp. v. The Priceline Grp. Inc.*, No. CV 15-137-LPS-CJB, 2016 WL 626495, at *1 (D. Del. Feb. 16, 2016) (contemplating the "the need to respond to judicial opinions cited in" a reply brief), *report and recommendation adopted*, No. CV 15-137-LPS-CJB, 2016 WL 1253472 (D. Del. Mar. 30, 2016).

4

When the evidence, facts and arguments in the opposition brief are not "new," they do "not open the door to an expansion of briefing." *See Cephea Valve Techs.*, 2024 U.S. Dist. LEXIS 83381, at *22. Similarly, courts may deny motions for leave to file a reply brief where the proposed reply brief raises an issue that "could have been raised" in the opening brief. *See Bishop v. JPMorgan Chase & Co.*, No. CA 13-1-RGA-MPT, 2013 WL 3177826, at *6 (D. Del. June 21, 2013) (ruling on a motion for leave to file a sur-reply brief), *report and recommendation adopted*, No. CV 13-1- RGA, 2013 WL 4007508 (D. Del. Aug. 5, 2013); *Jazayeri v. Avaya, Inc.*, No. 2:19-CV-06003-JDW, 2021 WL 2186367, at *6 (E.D. Pa. May 28, 2021) (same).

Courts may also grant motions for leave to file a reply brief where the reply brief seeks to "correct a demonstrable inaccuracy." *Choma v. Blue Cross Blue Shield of Delaware*, No. CIV.A. 06-486-JJF, 2008 WL 4276546, at *15 (D. Del. Sept. 18, 2008) (ruling on a motion for leave to file a sur-reply brief).

Although there may be occasion where the most expedient resolution of the matters underlying the briefing would be to consider "the additional briefing," the better approach is often "to encourage the parties to follow the rules." *See Waters Techs. Corp. v. Aurora SFC Sys. Inc.*, C.A. No. 11-708-RGA, 2012 WL 13167829, at *1 (D. Del. Apr. 20, 2012) (ruling on motion for leave to file a sur-reply). The decision on whether to grant leave to file a reply is ultimately one of "discretion" for the district court. *See Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) (confirming that "permission for leave to file a sur-reply is a matter committed to the District Court's sound discretion" (cleaned up)).

## III.    DISCUSSION

This Discussion has the following Sections: (A) The Court Denies Plaintiff's Motion, and (B) The Court Denies Plaintiff's Request for Leave.

5

A. **The Court Denies Plaintiff's Motion**

Plaintiff fails to establish "good cause," under Rule 16(b)(4) of the Federal Rules of Civil Procedure, to modify the May 3, 2025 discovery deadline established by the operative Scheduling Order. In support of its Motion, Plaintiff merely asserts:

> 1. The Complaint was filed on December 1, 2022, naming five defendants. To date, only Defendant Ina Fitch has responded to the Complaint and is the only defendant who has retained counsel.
>
> 2. The Court entered a Trial Scheduling Order on October 9, 2024 setting forth a Trial Date of April 12, 2027, just under two years from now, and a discovery end date of May 3, 2025.
>
> 3. Plaintiff has made efforts to track down the unserved defendants in the interim in an effort to bring all parties to the forefront of this litigation.
>
> 4. This is Plaintiff's first request for extension of discovery. Extending the discovery deadlines by 120 days would place the discovery end date at approximately seventeen (17) months prior to trial and would not be unfairly prejudicial to any of the defendants in this litigation.

D.I. 16 at 1-2. None of these grounds, however, adequately address "the diligence of the party seeking the modification of the scheduling order." *See Pers. Audio*, 2023 WL 3582681, at *2. In particular, only the third ground above contemplates diligence. That ground, however, fails to specify any diligence concerning Plaintiff's discovery efforts in connection with the *served* defendant(s) in this case, including Ms. Fitch. Lacking any discussion, let alone demonstration, of diligence, "the inquiry ends." *See State Farm Mut. Auto. Ins. Co.*, 2024 WL 4145022, at *2.

For the foregoing reasons, the Court denies Plaintiff's Motion.

B. **The Court Denies Plaintiff's Request for Leave**

The Court denies Plaintiff's two-sentence Request for Leave for two reasons. *First*, Plaintiff fails to set forth any grounds in support of its Request for Leave. D.I. 21. *Second*, any arguments that Plaintiff could present in its requested reply brief that might cure the deficiencies of Plaintiff's opening brief (including those regarding Plaintiff's diligence) are presumably

arguments that Plaintiff "could have" raised in its opening brief. *See Bishop*, 2013 WL 3177826, at *6. For these reasons, the Court exercises its "discretion" to deny Plaintiff's Request for Leave. *See Levey*, 590 F. App'x 132, 137.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion for Extension of Discovery (D.I. 16) and Plaintiff's request for leave to file a reply brief in further support of its Motion (D.I. 21). The Court also denies-as-moot Plaintiff's request for a discovery teleconference (D.I. 15).

\* \* \*

WHEREFORE, at Wilmington this 16th day of May 2025, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension of Discovery (D.I. 16) is **DENIED**, that Plaintiff's request for leave to file a reply brief in further support of its Motion (D.I. 21) is **DENIED**, and that Plaintiff's letter requesting a discovery teleconference (D.I. 15) is **DENIED-AS-MOOT**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE